## IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE ZENITHERM COMPANY.

Argued November 3, 1920—Decided March 26, 1921.

1. In a summary investigation, under section 42 of the Corporation act (*Comp. Stat., p.* 1624), of the election of directors of a corporation, the court is free to deal with the matter, not necessarily in accordance with strict legal rules, but according to the substantial rights and equities.

2. The provision of section 33 of the Corporation act (*Comp. Stat., p.* 1620), requiring the list of stockholders entitled to vote at the ensuing election to be made out at least ten days before the election, is directory only, and the mere fact that it was not made out for the prescribed time in advance of the election will not render the election void.

3. The mere fact that the list of stockholders entitled to vote at the election of directors required by section 33 of the Corporation act (*Comp. Stat., p.* 1620) to be produced at the election, was not signed by the secretary until the opening of the meeting, and, simultaneously therewith, does not render the directors ineligible to re-election at that meeting.

4. It requires a willful refusal to file the report of the election of directors of a domestic corporation within thirty days after any annual election, required by section 43 of the Corporation act (*Comp. Stat., p.* 1625), to make the directors so failing to file the same ineligible to re-election at the next succeeding annual meeting; and where no demand or request to the directors was made to file such report, and nothing more than mere neglect appears, willful refusal will not be implied.

5. The directors of a corporation, on July 17th, 1919, adopted a resolution changing the location of its principal office as authorized by section 28c of the Corporation act (*Comp. Stat., p.* 1614); on June 19th, 1920, they mailed a certificate certifying such removal to the secretary of state, and simultaneously therewith sent out notices to stockholders of the annual meeting for the election of directors to be held June 30th, 1920, at the changed location. *Held,* that the fact that the certificate of removal of the principal office was not received, filed and recorded by the secretary of state until June 21st, 1920, does not invalidate the election held June 30th, 1920, it appearing that no party in interest was in anywise misled or prejudiced.

6. The mere fact that the oath of the inspectors of election at the stockholders' meeting was not in writing will not invalidate the election of directors of the corporation, where there is no allegation or evidence of any fraud or irregularity in the reception or counting of votes or in other conduct of the election by such inspectors.

On application to set aside election of directors.

Before Justices TRENCHARD and MINTURN.

For the applicant, *Conover English* (*McCarter & English* on the brief).

For the respondent, *Maximilian T. Rosenberg* and *Jacob Schechter* (of the New York bar).

The opinion of the court was delivered by

TRENCHARD, J. This is an application under section 42 of the Corporation act (*Comp. Stat., p.* 1624), by Herman Gumz, a stockholder of the Zenitherm Company, to set aside the election of directors of the company at a meeting of the stockholders held on June 30th, 1920.

Upon careful consideration of the evidence we see no reason for setting aside the election, especially since, in a summary investigation such as this, we are free to deal with the matter, not necessarily in accordance with strict legal rules, but according to the substantial rights and equities. *Stratford* v. *Mallory,* 70 *N. J. L.* 294.

It appears that the business of this corporation was managed by three directors, and, at the meeting of the stockholders in question, they were elected to succeed themselves.

The first point made by the applicant is that these directors were ineligible at that election because no alphabetical list of stockholders was prepared and at the meeting, as required by section 33 of the Corporation act. That section provides that:

"Every corporation shall keep at its principal and registered office in this state the transfer books in which the transfer of stock shall be registered, and the stock books, which shall contain the name and address of the stockholders, the number of shares held by them respectively, which shall, at all times during the usual hours for business be open to the examination of every stockholder; the directors shall cause the secretary, or other officer designated by them having charge of said books, to make, at least ten days before every election after the first election, a full, true and complete list, in alphabetical order, of all the stockholders entitled to vote at the ensuing election, with the residence of each, and the number of shares held by each, which list shall, at all times during the usual hours for business, be kept at such principal and registered office, and open to the examination of any stockholder at said office, and if any officer having charge of such books or list shall, upon demand by any stockholder, refuse or neglect to exhibit such books or list, or submit them to examination as aforesaid, he shall for every such offence

forfeit the sum of two hundred dollars, one-half thereof to the use of the State of New Jersey and the other half to him who will sue for the same, to be recovered by action of debt in any court of record, together with the costs of suit, and the books aforesaid shall be the only evidence as to who are the stockholders entitled to examine such books or list, and to vote at such election; and the board of directors shall produce at the time and place of such election such books and list, there to remain during the election, and the neglect or refusal of said directors to produce the same shall render them ineligible to any office at such election." *Comp. Stat.,* *p.* 1620, § 33.

It will be noticed that thereby the only thing which makes the directors ineligible to office is the neglect or refusal to produce such books and list at the time and place of such election, there to remain during the election.

The applicant does not claim that the books were not produced at the meeting.

He contends, first, that the directors were ineligible because the list of stockholders entitled to vote at the election was not made out ten days before the election. But that does not clearly appear to be the fact, and, moreover, that part of the statute is directory only, and the mere fact that the list was not made out for the prescribed time in advance of the election will not render the election void. *Downing* v. *Potts,* 23 *N. J. L.* 66.

Secondly, under this head, he insists that such directors were ineligible because, as he contends, a *signed* list of the stockholders entitled to vote was not produced at the election. But this contention is not well founded in fact. We assume, as the applicant insists, that properly the list produced should be signed by the secretary or be otherwise properly authenticated, although the statute does not expressly require it. But that was done. The evidence is that the list was produced at the meeting, having been theretofore prepared, and was signed by the assistant secretary simultaneously with the opening of the meeting. The list thus produced appears to have been a full, true and complete list, in alphabetical order,

of all the stockholders entitled to vote at the election. It shows five thousand shares of stock entitled to be voted. The report of the inspectors of election discloses that each director elected received four thousand eight hundred and twenty-two votes.

We think that the mere fact that the list thus produced was not signed by the secretary until the opening of the meeting and simultaneously therewith does not render the directors ineligible to re-election at that meeting.

It is next insisted that the directors who were elected were ineligible because of their neglect to file the annual reports of their election as directors within thirty days after their election in accordance with the provisions of section 43 of the Corporation act. *Comp. Stat., p.* 1625.

We think not. The pertinent language of that section is this:

" * * * ; and further provided, if such report be not so made and filed, all of the directors of such domestic corporation who shall *willfully refuse* to comply with the provisions hereof and who shall be in office during the default, shall at the time appointed for the next election, and for a period of one year thereafter, be thereby rendered ineligible for election or appointment to any office in the company as directors or otherwise."

It will be seen, therefore, that it requires a willful refusal to file the report of the election of directors within thirty days after any annual election to make the directors so failing to file the same ineligible to re-election at the next succeeding annual meeting. *In re Brooklyn Baseball Club,* 75 *N. J. L.* 64.

In the present case there was no demand or request to any of the directors to file such a report. All that appears is that they merely neglected to do so and hence willful refusal will not be implied. *Beckhard* v. *Rudolph,* 68 *N. J. Eq.* 740; *Hall* v. *Baldwin,* 45 *Id.* 858.

The next point is that the election was void because not held at the principal office of the company as required by

section 44 of the Corporation act. *Comp. Stat., p.* 1628. But we think this insistence is not well founded in fact.

The evidence discloses that the principal office of the company was originally in Newark, New Jersey. As authorized by section 28c of the Corporation act (*Comp. Stat., p.* 1614), the board of directors, by a resolution passed July 17th, 1919, changed it to Runyon, New Jersey. On June 19th, 1920, a certificate certifying such change of location was mailed to the secretary of state (as required by chapter 243 of *Pamph. L.* 1916, *p.* 507), and simultaneously therewith the notices to stockholders of the annual meeting for the election of directors to be held June 30th, 1920, at the changed location, were sent out. The fact that the certificate of removal of the principal office was not received, filed and recorded by the secretary of state until June 21st, 1920, does not invalidate the election held at the changed location on June 30th, 1920, where, as here, it appears that no party in interest was in anywise misled or prejudiced.

The fourth and last point is that the inspectors of election were not sworn.

But this contention does not appear to be well founded in fact, and, therefore, we are not called upon to consider what would be the effect if they had not been sworn.

The written report of the inspectors recites that they took "an oath to impartially conduct the election," and there is nothing to show that they did not *in fact* take an oral oath. The applicant, however, points out that no written oath was attached to the report and none was produced at the meeting. But assuming that there was no oath *in writing,* we think the mere fact that the oath was not in writing will not invalidate the election where, as here, there is no allegation or evidence of any fraud or irregularity in the reception or counting of votes or in other conduct of the election by such inspectors.

The application to set aside the election will be denied, and the rule to show cause will be discharged, with costs.